# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| **LINTEZ MOTLEY,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 16-02140 |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter is before the Court on Petitioner Lintez Motley's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 1). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court must promptly examine the motion. If it appears from the motion, any attached exhibits, and the record of prior proceedings that Petitioner is not entitled to relief, the Court must dismiss the motion. See Rules Governing Section 2255 Proceedings, 4(b). A preliminary review of Petitioner's motion

shows that the Motion must be dismissed because Petitioner is not entitled to relief.

## I. BACKGROUND

In September 2009, Petitioner was charged with possession of five or more grams of cocaine base ("crack") with the intent to distribute. <u>United States v. Motley</u>, United States District Court, Central District of Illinois, Urbana Division, Case No. 09-cr-20071 (hereinafter, Case No. 09-cr-20071), Complaint (d/e 1), Indictment (d/e 8). Petitioner ultimately pleaded guilty pursuant to a written Plea Agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). Case No. 09-cr-20071, Report and Recommendation on Plea of Guilty (d/e 23); Order Approving Magistrate Recommendation (d/e 25).

In the Plea Agreement, the parties agreed that Petitioner would be classified as a career offender under the sentencing guidelines based on his prior convictions for possession of a controlled substance with the intent to deliver and delivery of a controlled substance. <u>See</u> Case No. 09-cr-20071, Plea Agreement ¶¶ 13-16 (d/e 19). The parties also agreed that the appropriate sentence was 262 months' imprisonment.

Thereafter, the U.S. Probation Office prepared a Presentence Investigation Report (PSR). Case No. 09-cr-20071, PSR (d/e 26). The Probation Office determined that Petitioner qualified as a career offender under the U.S. Sentencing Guidelines because Petitioner had at least two prior convictions of either a crime of violence or a controlled substance offense. PSR ¶ 28, U.S.S.G. § 4B1.1(a). Specifically, Petitioner had prior convictions for possession with intent to deliver a controlled substance (Champaign County Case No. 04-CF-1248) and delivery of a controlled substance (Champaign County Case No. 07-CF-730). PSR ¶ 28.

Petitioner's designation as a career offender resulted in a total offense level of 34 after a three-level reduction for acceptance of responsibility. PSR ¶ 28. Based upon a total offense level of 34 and a criminal history category of VI, the advisory guideline imprisonment range was 262 to 327 months. PSR ¶ 58.

In March 2014, the Court sentenced Petitioner to 262 months of imprisonment in accordance with the Plea Agreement. Petitioner appealed, arguing that Fair Sentencing Act of 2010 applied to Petitioner. See Case No. 09-cr-20071, Notice of Appeal (d/e 28).

In July 2012, the Seventh Circuit vacated Petitioner's sentence in light of <u>Dorsey v. United States</u>, 132 S. Ct. 2321 (2012) (concluding "that Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders"). <u>See</u> Case No. 09-cr-20071, Mandate (d/e 36). The Seventh Circuit remanded for resentencing in accordance with <u>Dorsey</u> and the Fair Sentencing Act. <u>Id.</u>

On remand, the parties obtained leave to amend the Plea Agreement to provide for a 188-month term of imprisonment. <u>See</u> Case No. 09-cr-20071, Joint Motion (d/e 38) (noting that because the Fair Sentencing Act lowered Petitioner's statutory penalty range, his advisory guideline range was likewise lowered under the career offender guideline); <u>see</u> <u>also</u> U.S.S.G. § 4B1.1(b)(A) (career offender guideline provision providing for an offense level of 37 when the maximum statutory penalty is life), § 4B1.1(b)(B) (career offender guideline provision providing for an offense level of 34 when the maximum statutory penalty is 25 years or more).  In January 2013, the Court resentenced Petitioner to 188 months of imprisonment.

On May 23, 2016, Petitioner filed his § 2255 Motion asserting that, under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), he does not have two prior convictions that qualify as career offender predicates.  Mot. at 4.

## II. ANALYSIS

A brief explanation of the Armed Career Criminal Act is necessary to put Petitioner's claim in context.  Generally, the penalty for the offense of Felon in Possession of a Firearm, 18 U.S.C. § 922(g), is up to 10 years' imprisonment.  18 U.S.C. § 924(a)(2).  However, if a defendant violates § 922(g) and has three previous convictions for a violent felony or a serious drug offense, or both, the Armed Career Criminal Act increases the sentence to a term of imprisonment of not less than 15 years and up to life.  18 U.S.C. § 924(e)(1); <u>Johnson</u>, 135 S. Ct. at 2555.

The Act defines a violent felony as:

[A]ny crime punishable by imprisonment for a term exceeding one year . . . that—

    (i) has as an element the use, attempted use, or threatened use of physical force against the person or another; or

>        (ii) is burglary, arson, or extortion, involves use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another</u> [.]

18 U.S.C. § 924(e)(2)(B) (emphasis added). The underlined portion is referred to as the "residual clause."

In <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), the United States Supreme Court held that the residual clause of the Armed Career Criminal Act was impermissibly vague and, therefore, "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." The <u>Johnson</u> decision announced a new substantive rule of constitutional law that the Supreme Court has made retroactive on collateral review. <u>Welch v. United States</u>, 136 S. Ct. 1257, 1268 (2016).

The career offender guideline contains an identical residual clause in the guideline definition of "crime of violence." Under the guidelines, a defendant qualifies as a career offender if the defendant was at least 18 years old when he committed the instant offense, the instant offense is either a crime of violence or a controlled substance offense, and the defendant has at least two prior felony convictions of either a crime of violence or a controlled

substance offense. U.S.S.G. § 4B1.1(a). A "crime of violence" is defined in the guidelines as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

U.S.S.G. § 4B1.2(a) (emphasis added). As noted above, the residual clause in the career offender guideline is identical to the residual clause in the Armed Career Criminal Act.

Petitioner asks this Court to apply the holding of <u>Johnson</u> to the career offender guideline. However, even if this Court were to assume that <u>Johnson</u> applies retroactively on collateral review to defendants sentenced under the career offender guideline, the record clearly demonstrates Petitioner is not entitled to relief. Specifically, none of Petitioner's prior convictions qualified as a crime of violence under the residual clause of the career offender guideline. Petitioner's Plea Agreement and PSR clearly show that Petitioner was classified as a career offender based on two

controlled substances offenses.  See Plea Agreement ¶¶ 13-16, PSR ¶ 28.  Consequently, because none of his prior convictions qualified as a crime of violence under the residual clause, Petitioner is not entitled to relief under Johnson even if the Court assumes (without deciding) that Johnson applies retroactively on collateral review to defendants sentenced under the career offender guideline.

### III. CONCLUSION

Because it plainly appears from the Motion and the record of the prior proceedings that Petitioner is not entitled to relief, the Motion Under 28 U.S.C. § 2255 to Vacate Plea, Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) is SUMMARILY DISMISSED.  The Clerk is DIRECTED to notify Petitioner of the dismissal.  Because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court also denies a certificate of appealability under Rule 11(a) of the Rules Governing Section 2255 Proceedings.  See 28 U.S.C. § 2253(c)(2).   This case is CLOSED.

ENTER: May 26, 2016

FOR THE COURT:

                                              <u>s/Sue E. Myerscough</u>
                                         SUE E. MYERSCOUGH
                                         UNITED STATES DISTRICT JUDGE